IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ABEL REYES, | ) | No. C 13-0980 RMW(PR) |
| Plaintiff, | ) ) | ORDER DIRECTING DEFENDANT TO FILE |
| v. | ) ) | DISPOSITIVE MOTION OR NOTICE REGARDING SUCH |
| A. MEYER, | ) ) | MOTION |
| Defendant. | ) ) | (Docket No. 3) |

Plaintiff, a state prisoner proceeding pro se, filed a civil complaint in the Superior Court of Monterey County. On March 4, 2013, defendant Meyer filed a notice of removal. For the reasons stated below, the court directs defendant to file a dispositive motion or notice regarding such motion.

**DISCUSSION**

A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police

Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Plaintiff's Claims

Plaintiff alleges that on December 25, 2009, defendant Correctional Officer A. Myer and his partner used excessive force upon plaintiff when removing plaintiff from his cell in mechanical restraints, injuring plaintiff's shoulder. Plaintiff claims Myer again assaulted him when Myer slammed plaintiff's head twice against the inside of the back of the holding cage. Liberally construed, plaintiff has stated a cognizable claim of excessive force against defendant Myer.

The court also exercises its supplemental jurisdiction over plaintiff's state law claims.

## CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1.    No later than **ninety (90) days** from the date of this order, defendant shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claim in the complaint.

    a.    If defendant elects to file a motion to dismiss on the grounds that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

    b.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date the summary judgment motion is due.**

1    2.    Plaintiff's opposition to the dispositive motion shall be filed with the court and
2 served on defendant no later than **twenty-eight (28) days** from the date defendant's motion is
3 filed.  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex</u>
4 <u>Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come
5 forward with evidence showing triable issues of material fact on every essential element of his
6 claim).

7    3.    Defendant <u>shall</u> file a reply brief no later than **fourteen (14) days** after plaintiff's
8 opposition is filed.

9    4.    The motion shall be deemed submitted as of the date the reply brief is due.  No
10 hearing will be held on the motion unless the court so orders at a later date.

11    5.    All communications by the plaintiff with the court must be served on defendant or
12 defendant's counsel, by mailing a true copy of the document to defendant or defendant's
13 counsel.

14    6.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
15 No further court order is required before the parties may conduct discovery.

16    7.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court
17 and all parties informed of any change of address and must comply with the court's orders in a
18 timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
19 pursuant to Federal Rule of Civil Procedure 41(b).

20    This order terminates docket number 3.

21    IT IS SO ORDERED.

22 DATED: _____

    *Ronald M. Whyte*
23    RONALD M. WHYTE
    United States District Judge

Order Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
G:\PRO-SE\RMW\CR.13\Reyes980srv.wpd            3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ABEL REYES,

        Plaintiff,

v.

A MEYER et al,

        Defendant.

Case Number: CV13-00980 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 26, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Abel Reyes P-55763
Kern Valley State Prison
3000 West Cecil Avenue
PO Box 5103
Delano, CA 93216-5103

Dated: July 26, 2013

    Richard W. Wieking, Clerk
    By: Jackie Lynn Garcia, Deputy Clerk