1
2
3       E-FILED on 7/3/14
4
5
6
7
8
9
10                  IN THE UNITED STATES DISTRICT COURT

11          FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ABEL REYES, | ) | No. C 13-0980 RMW(PR) |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION TO |
| | ) | COMPEL; DENYING |
| v. | ) | DEFENDANT'S MOTION FOR |
| | ) | SUMMARY JUDGMENT; |
| | ) | DISMISSING DOE DEFENDANTS; |
| A. MEYER, | ) | REFERRING CASE TO PRO SE |
| | ) | SETTLEMENT PROGRAM |
| Defendant. | ) | |
| | ) | (Docket Nos. 12, 18, 24, 28, 31.) |

        Plaintiff, a state prisoner proceeding pro se, filed a civil complaint in the Superior Court

of Monterey County.  On March 4, 2013, defendant Meyer filed a notice of removal.  He has

also filed a motion for summary judgment.[1]  Plaintiff has filed a motion to compel discovery and

to continue the motion for summary judgment under Federal Rule of Civil Procedure 56(d).

Defendant has filed an opposition,[2] and plaintiff has filed a reply.  Plaintiff has also filed an

_____

    [1] Defendant's motion for an extension of time to file a dispositive motion is GRANTED.
(Docket No. 12.)  Defendant's motion for summary judgment deemed timely.  Defendant's
motion to file under seal is GRANTED.  (Docket No. 18.)  The clerk shall seal the documents
requested therein.

    [2] Defendant's motion for an extension to time to file an opposition to plaintiff's motion
to compel is GRANTED.  (Docket No. 31.)  Defendant's opposition is deemed timely.

1   opposition to defendant's motion for summary judgment, and defendant has filed a reply.  For

2   the reasons below, plaintiff's motion to compel and motion to continue are DENIED.

3   Defendant's motion for summary judgment is DENIED.

4   **BACKGROUND**

5       Plaintiff alleges that on December 25, 2009, defendant Correctional Officer A. Meyer

6   and his partner, Correctional Officer Doe #1, used excessive force upon plaintiff when removing

7   plaintiff from his cell in mechanical restraints and injured plaintiff's shoulder as a result.

8   Plaintiff claims defendant Meyer again assaulted him when defendant slammed plaintiff's head

9   twice against the inside of the back of the holding cage.

10       Plaintiff also claims that Doe #2 - Doe #5 were present when defendant was using

11   excessive force upon him yet failed to intervene.  Further, plaintiff alleges that Doe #6 and Doe

12   #7 were present during plaintiff's video-taped interview after the assault.

13   **ANALYSIS**

14   I.   <u>Motion to Compel</u>

15       Plaintiff may file a motion to compel discovery, however, only after he satisfies the

16   "meet and confer" requirements of the discovery rules.  <u>See</u> Fed. R. Civ. P. 37(a)(2)(A)

17   (providing that a motion to compel must include certification that movant has in good faith

18   conferred and attempted to confer with non-disclosing party in effort to secure disclosure

19   without court action); N.D. Cal. Civ. R. 37-1 (same).  Because plaintiff is detained, however, he

20   is not required to meet and confer with defendants in person.  Rather, if his discovery requests

21   are denied, and he intends to seek a motion to compel, he must send a letter to defendants to that

22   effect, offering them one last opportunity to provide him with the sought-after information

23   before resorting to filing a motion to compel.

24       On this record, there is no indication that plaintiff satisfied the meet-and-confer

25   requirement prior to filing his motion to compel on November 18, 2013.  (Docket No. 28.)  It

26   does not appear that plaintiff took any steps to attempt to resolve his discovery dispute with

27   defendant before seeking assistance from this court by filing his motion to compel.  Thus, the

28

Order Denying Motion to Compel; Denying Defendant's Motion for Summary Judgment; Dismissing Doe
Defendants; Referring Case to Pro Se Settlement Program
P:\PRO-SE\RMW\CR.13\Reyes980mtcmsj.wpd     2

1  motion to compel is DENIED without prejudice.

2       Even if plaintiff had satisfied the meet-and-confer requirement, defendant's response,

3  filed December 20, 2013, states that defendant believes he complied with plaintiff's discovery

4  requests.  After plaintiff file his motion to compel, during a telephone conference on December

5  13, 2013, in which defense counsel and plaintiff attempted to resolve discovery disputes, defense

6  counsel asked plaintiff whether there were any unresolved discovery requests, to which plaintiff

7  responded that there were not.  (Opp. at 2; Nguyen Decl. ¶ 11.)

8       Moreover, a review of the pleadings shows that it appears that plaintiff's sole discovery

9  issue, if any, is the "opportunity to discover" the identities of Doe #1 - Doe #7.  (Docket No. 41.)

10  The record demonstrates that plaintiff has had such opportunity.

11       In plaintiff's request for interrogatory number 3, plaintiff asks defendant to "identify any

12  Salinas Valley Staff employees who were on duty on third watch in D-1 AD-SEG, on the date of

13  December 25, 2009."  (Nguyen Decl., Ex. 1 at 3.)  Defendant objected, and construed plaintiff's

14  request as "seeking the identity of any Salinas Valley correctional officers who worked during

15  third watch in D-1 Ad-Seg on December 25, 2009, at Salinas Valley."  (Id.)  So construed,

16  defendant identified Sergeant R. Machuca, Officer V. Pato, Jr., Officer J.S. Cermeno, and

17  Officer A. Cortina.  (Id.)  In response to plaintiff's request for production of documents numbers

18  2 and 3, in which plaintiff asks for the names of all non-party witnesses who were on duty at the

19  Correctional Treatment Center on December 25, 2009, during third watch, defendant provided

20  documents AG001 - AG0016.  (Id., Ex. 2 at 3; Docket No. 41 at 7-22.)  Plaintiff also requested

21  the identity of Doe #6 and Doe #7, who witnessed a video-recording of plaintiff reporting his

22  head injuries.  (Docket No. 34 at 6; Nguyen Decl. ¶ 11.)  Defense counsel has provided those

23  names as Sgt. D. Battles and Sgt. S. Watson.  (Docket No. 35 at 2.)

24       Presumably, plaintiff requested the above information to identify Doe #1 - Doe #7.  Doe

25  #6 and Doe #7 have been identified as Sgt. D. Battles and Sgt. S. Watson.  In an effort to

26  discover the identities of Doe # 1 - Doe #5, plaintiff asked for all Salinas Valley employees who

27  were on duty on third watch in D-1 Ad-Seg on December 25, 2009.  Defendant provided that

28

1   information on October 30, 2012 (Nguyen Decl., Ex. 1 at 3) and November 25, 2013 (*id.*, Ex. 2

2   at 3).  Plaintiff complains that the sixteen pages of documents defendant produced contain

3   numerous names of prison officials and plaintiff cannot guess and pick from the list which

4   employees might be Doe #1 - Doe #5.  However, plaintiff appears to have overlooked

5   defendant's response to plaintiff's interrogatory #3 in which he names five specific individuals.

6   Whether these five individuals are Doe #1 through Doe #5 remains to be seen.  Nonetheless, the

7   record supports defendant's assertion that he has provided the information that plaintiff

8   requested.  Thus, plaintiff's assertion that he has not had an opportunity to discover the identity

9   of Doe #1 - Doe #7 is unpersuasive.

10          Accordingly, plaintiff's motion is DENIED.

11   II.    Rule 56(d)

12          Federal Rule of Civil Procedure 56(d) provides that if a party opposing summary

13   judgment demonstrates a need for further discovery in order to obtain facts essential to justify

14   the party's opposition, the court may deny the motion for summary judgment or continue the

15   hearing to allow for such discovery.  Fed. R. Civ. P. 56(d); Margolis v. Ryan, 140 F.3d 850, 853

16   (9th Cir. 1998).  In making a Rule 56(d) motion, a party opposing summary judgment must make

17   clear "what information is sought and how it would preclude summary judgment."  Id. at 853-54

18   (district court correctly denied motion for continuance under Rule 56(f)[3] where plaintiff did not

19   provide any basis or factual support for his assertions that further discovery would lead to the

20   facts and testimony he described, and his assertions appeared based on nothing more than "wild

21   speculation"); see also, e.g., Nicholas v. Wallenstein, 266 F.3d 1083, 1088-89 (9th Cir. 2001)

22   (district court did not abuse its discretion in denying motion for continuance under Rule 56(f)

23   where plaintiffs had already conducted a large amount of informal discovery and where they did

24   not make clear what information was sought and how it would preclude summary judgment).

25   Rule 56(d) requires that the requesting party show (1) it has set forth in affidavit form the

26

27          [3]  Former Federal Rule of Civil Procedure 56(f) was amended in 2010. It is now set forth

28   in Rule 56(d).

1   specific facts it hopes to elicit from further discovery, (2) the facts sought exist, and (3) the

2   sought-after facts are essential to oppose summary judgment.  Family Home and Finance Center,

3   Inc. v. Federal Home Loan Mortgage Corp., 525 F.3d 822, 827 (9th Cir. 2008).

4       "[S]ummary judgment is disfavored where relevant evidence remains to be discovered,

5   particularly in cases involving confined pro se plaintiffs."  Jones v. Blanas, 393 F.3d 918, 930

6   (9th Cir. 2004).  In such cases, "summary judgment in the face of requests for additional

7   discovery is appropriate only where such discovery would be fruitless with respect to the proof

8   of a viable claim."  Id. (internal quotation marks and citation omitted).

9       Here, the court has reviewed plaintiff's requests for discovery, and assertions of

10   discovery requests that remain unfulfilled.  As stated above, the only discovery request that

11   plaintiff appears to dispute is that he has not had "the opportunity to identify" defendant Doe #1

12   - #7.  However, where a plaintiff requests information relating to facts within his control, any

13   request for that discovery would be "fruitless" and would not warrant a motion under Rule 56(d).

14   Id. at 930-31.

15       As stated above, defendant provided the names of Doe #6 and Doe #7.  In addition,

16   defendant provided the names of non-party witnesses who were on duty the night of December

17   25, 2009 in documents AG0001 - AG0016 as well as the names of Salinas Valley correctional

18   officers who worked during third watch in D-1 Ad-Seg on December 25, 2009.  Once those

19   employees were identified, plaintiff could have amended his complaint to name these Doe

20   defendants.  See Grinage v. Leyba, 2008 WL 199720, at *12 (D. Nev. 2008) (noting that pro se

21   litigants "are not excused from following the rules and orders of the court, including the

22   discovery rules," granting the defendants' summary judgment motion with respect to the

23   plaintiff's claims against unidentified Doe defendants, and dismissing those claims where the

24   plaintiff "was afforded sufficient opportunity to pursue discovery to identify" those defendants

25   and amend his complaint but "did not diligently do so").  Despite having this information,

26   plaintiff has not moved to amend his complaint, or made further inquiry to determine the role

27   each of these named individuals may have had on the night of December 25, 2009.  Nonetheless,

28

1  defendant's response to plaintiff's discovery requests appear satisfied, and plaintiff possesses the

2  information he appears to have sought.

3        Accordingly, because defendant has produced information responsive to plaintiff's

4  requests in an effort to identify Doe #1 - Doe #7, plaintiff's motion under Rule 56(d) is

5  DENIED.

6  III.    Motion for Summary Judgment

7        A.    Standard of Review

8        Summary judgment is proper where the pleadings, discovery and affidavits demonstrate

9  that there is "no genuine issue as to any material fact and that the moving party is entitled to

10 judgment as a matter of law." Fed. R. Civ. P. 56(c).  Material facts are those which may affect

11 the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute

12 as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a

13 verdict for the nonmoving party.  Id.

14       The party moving for summary judgment bears the initial burden of identifying those

15 portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine

16 issue of material fact.  Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986).  Where the moving

17 party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no

18 reasonable trier of fact could find other than for the moving party.  But on an issue for which the

19 opposing party will have the burden of proof at trial, as is the case here, the moving party need

20 only point out "that there is an absence of evidence to support the nonmoving party's case."  Id.

21 at 325.

22       Once the moving party meets its initial burden, the nonmoving party must go beyond the

23 pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a

24 genuine issue for trial."  Fed. R. Civ. P. 56(e).  The court is only concerned with disputes over

25 material facts and "factual disputes that are irrelevant or unnecessary will not be counted."

26 Liberty Lobby, Inc., 477 U.S. at 248 (1986).  It is not the task of the court to scour the record in

27 search of a genuine issue of triable fact.  Keenan v. Allen, 91 F.3d 1275, 1279 (9th Cir. 1996).

28

1  The nonmoving party has the burden of identifying, with reasonable particularity, the evidence

2  that precludes summary judgment.  Id.  If the nonmoving party fails to make this showing, "the

3  moving party is entitled to judgment as a matter of law."  Celotex Corp., 477 U.S. at 323.

4      At the summary judgment stage, the court must view the evidence in the light most

5  favorable to the nonmoving party: if evidence produced by the moving party conflicts with

6  evidence produced by the nonmoving party, the judge must assume the truth of the evidence set

7  forth by the nonmoving party with respect to that fact.  See Leslie v. Grupo ICA, 198 F.3d 1152,

8  1158 (9th Cir. 1999).

9      B.      Undisputed Facts

10     At Salinas Valley State Prison, on the night of December 25, 2009, defendant came to

11 plaintiff's cell door to pick up plaintiff's tray.  (Compl. at 4.)  Plaintiff told him that he did not

12 feel well, he was depressed and confused, and he felt suicidal.  (Id.)  Defendant told plaintiff to

13 kill himself so that defendant and his partner, Doe #1, could save him.  (Id.)

14     Around 5:45 p.m. that same day, plaintiff sustained a cut to his left arm.  (Id. at 5, Ex. A.)

15 The nurse noted that plaintiff remarked that he was feeling suicidal.  (Id., Ex. A.)  Later that day,

16 defendant and Doe #1 went to remove plaintiff from his cell by placing plaintiff's hands behind

17 his back in mechanical restraints.  (Id. at 5.)  Defendant removed plaintiff by bending his arms

18 behind his back even though plaintiff had an injured shoulder.  (Id.)  Then, when plaintiff was

19 put in the holding cage, defendant slammed plaintiff's head onto the holding cage door.  (Id.)

20 When defendant opened the holding cage door, defendant pushed plaintiff's head against the

21 inside of the back of the holding cage.  (Id.)  Other Doe defendants came out and watched

22 defendant slamming plaintiff's head against the cage.  (Id.)  Defendant then asked plaintiff why

23 he was hitting himself in the head.  (Id.)  As a result of defendant's actions, plaintiff suffered two

24 open wounds on the right side of the top of his head.  (Id. at 6.)

25     At around 7:00 p.m., plaintiff was seen by Nurse Alton at the Correctional Treatment

26 Center.  (Alton Decl. ¶¶ 4-5.)  She noted that plaintiff's main complaint was self-inflicted

27 scratches on his left forearm, and she observed abrasions on his right upper forehead.  (Id. ¶¶ 7-

28

8.)  Plaintiff complained to Nurse Larson about having a "bump on his head."  (Larson Decl. ¶

6.)  Plaintiff reported defendant's assault to Supervisor Lieutenant Kerry Clark, who video

recorded plaintiff's account regarding his head injuries.  (Opp. at 3.)

       B.   <u>Legal Claim</u>

     The arbitrary and wanton infliction of pain violates the Cruel and Unusual Punishments

Clause of the Eighth Amendment.  <u>Hudson v. McMillian</u>, 503 U.S. 1, 5 (1992).  When prison

officials stand accused of using excessive force in violation of the Eighth Amendment, the core

judicial inquiry is whether force was applied in a good faith effort to maintain or restore

discipline, or maliciously and sadistically for the very purpose of causing harm.  <u>Id.</u> at 6-7.  In

determining whether the use of force was for the purpose of maintaining or restoring discipline,

or for the malicious and sadistic purpose of causing harm, a court may evaluate the need for

application of force, the relationship between that need and the amount of force used, the extent

of any injury inflicted, the threat reasonably perceived by the responsible officials, and any

efforts made to temper the severity of a forceful response.  <u>Id.</u> at 7.  In reviewing these factors,

courts must accord prison administrators wide-ranging deference in the adoption and execution

of polices and practices to further institutional order and security.  <u>Jeffers v. Gomez</u>, 267 F.3d

895, 917 (9th Cir. 2001).

     Taking the evidence in the complaint as true, and drawing all inferences therefrom in

plaintiff's favor, there is a genuine issue of material fact as to whether defendant's use of force,

i.e., yanking plaintiff's arms up despite plaintiff's bad shoulder, and slamming plaintiff's head

into the cage twice while plaintiff was restrained, was excessive.  According to plaintiff,

defendant assaulted plaintiff for no reason.  Defendant argues that plaintiff has not provided

evidence demonstrating that defendant acted with malicious intent to cause harm.  In support of

defendant's argument, defendant states that the evidence demonstrates that plaintiff suffered

minimal injuries.  Moreover, defendant disputes all of plaintiff's factual allegations against him.

(Meyer Decl. ¶¶ 8-12.)  Although the extent of injury suffered by a prisoner is one of the factors

to be considered in determining whether the use of force is wanton and unnecessary, the absence

Order Denying Motion to Compel; Denying Defendant's Motion for Summary Judgment; Dismissing Doe
Defendants; Referring Case to Pro Se Settlement Program
P:\PRO-SE\RMW\CR.13\Reyes980mtcmsj.wpd    8

1  of serious injury does not end the Eighth Amendment inquiry.  <u>Hudson</u>, 503 U.S. at 7.  Such

2  standards are always violated when prison officials maliciously and sadistically use force to

3  cause harm, whether or not significant injury is evident.  <u>Id.</u>  Accepting plaintiff's account as

4  true, as this court must, an inference could certainly be drawn that defendant assaulted plaintiff

5  for the purpose of causing him harm.[4]

6       Having concluded that genuine issues of material fact exist as to whether defendant used

7  excessive force against plaintiff in violation of the Eighth Amendment, the court next addresses

8  whether he is entitled to qualified immunity.  The defense of qualified immunity protects

9  "government officials . . . from liability for civil damages insofar as their conduct does not

10 violate clearly established statutory or constitutional rights of which a reasonable person would

11 have known."  <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982).  A court considering a claim of

12 qualified immunity must determine whether the plaintiff has alleged the deprivation of an actual

13 constitutional right and whether such right was clearly established such that it would be clear to

14 a reasonable officer that his conduct was unlawful in the situation he confronted.  <u>See</u> <u>Pearson v.</u>

15 <u>Callahan</u>, 129 S. Ct. 808, 818 (2009).  Regarding the first prong, the threshold question must be,

16 taken in the light most favorable to the party asserting the injury, do the facts alleged show the

17 officer's conduct violated a constitutional right?  <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001).  The

18 inquiry of whether a constitutional right was clearly established must be undertaken in light of

19

20     [4] Defendant points out that the court should not rely on plaintiff's complaint as evidence

21 because plaintiff's complaint is unverified.  Plaintiff's opposition, similarly, is also unverified.
   A verified complaint or motion may be used as an opposing affidavit under Federal Rule of Civil

22 Procedure 56 to the extent it is based on personal knowledge and sets forth specific facts
   admissible in evidence.  <u>McElyea v. Babbitt</u>, 833 F.2d 196, 197-98 (9th Cir. 1987) (per curiam).

23 Without such verification, plaintiff's complaint and opposition have no evidentiary value.  <u>See</u>
   <u>Jones v. Blanas</u>, 393 F.3d 918, 922-23 (9th Cir. 2004).  To "verify" a pleading, the plaintiff must

24 swear or affirm that the facts contained therein are true, under the penalty of perjury.  <u>Id.</u>;

25 <u>Schroeder v. McDonald</u>, 55 F.3d 454, 460 n.10 (9th Cir. 1995).  In light of plaintiff's <u>pro se</u>
   status, plaintiff must file and sign a declaration if he can do so in good faith, averring that, to the

26 plaintiff's best knowledge and under the penalty of perjury, the facts proffered in both his

27 complaint and opposition are true.  Plaintiff shall file this declaration within thirty days of the
   filing date of this order.  Should plaintiff fail to file such a declaration within thirty days,

28 defendant may file a motion to reconsider this order.

1    the specific context of the case, not as a broad general proposition. Id. at 202. The relevant,

2    dispositive inquiry in determining whether a right is clearly established is whether it would be

3    clear to a reasonable officer that his conduct was unlawful in the situation he confronted. Id.

4         The court finds granting summary judgment on the ground of qualified immunity is

5    improper in this case. Resolving all factual disputes in favor of plaintiff, the court concludes that

6    defendant violated plaintiff's clearly established right to be free from excessive force. See

7    Martinez v. Stanford, 323 F.3d 1178, 1183 (9th Cir. 2003) ("the law regarding a prison guard's

8    use of excessive force was clearly established by 1994"). Granting summary judgment on the

9    ground of qualified immunity is "improper if, under the plaintiff's version of the facts, and in

10   light of the clearly established law, a reasonable officer could not have believed his conduct was

11   lawful." Schwenk v. Hartford, 204 F.3d 1187, 1196 (9th Cir. 2000). Here, under plaintiff's

12   version of the facts, no reasonable officer could believe that defendant's actions were permitted

13   under the Eighth Amendment. In addition, where, as here, "the material, historical facts are in

14   dispute," the availability of qualified immunity does not turn solely on a question of law, and the

15   district court is precluded from granting summary judgment on qualified immunity grounds. See

16   Torres v. City of Los Angeles, 548 F.3d 1197, 1211 (9th Cir. 2008) (holding that the existence of

17   issues of material fact precludes a court from granting judgment as a matter of law on qualified

18   immunity grounds, and observing that "sending factual issues to the jury but reserving to the

19   judge the ultimate 'reasonable officer' determination leads to serious logistical difficulties").

20        In sum, accepting plaintiff's allegations as true, there are genuine issues of fact as to

21   whether defendant violated plaintiff's constitutional rights. Accordingly, defendant is not

22   entitled to summary judgment, nor is he entitled to qualified immunity.

23        C.    Doe defendants

24        In plaintiff's complaint, he alleges that Doe #1 engaged in excessive force along with

25   defendant, that Doe #2 - Doe #5 failed to intervene and protect plaintiff from the excessive force,

26   and that Doe #6 and Doe #7 were witnesses to plaintiff's video-taped interview. As a general

27   rule, the use of "Doe" defendants is disfavored in federal court. Gillespie v. Civiletti, 629 F.2d

28

637, 642 (9th Cir. 1980).  Where, however, the identity of a defendant is unknown before the complaint is filed, the plaintiff "should be given an opportunity through discovery to identify the unknown defendants," unless doing so would be futile.  Id.  Although given ample opportunity to conduct discovery and to file an amended complaint, plaintiff has still not filed a procedurally proper amended complaint identifying those defendants.  At this time, Doe defendants are DISMISSED without prejudice.

IV.    Referral to Pro Se Prisoner Settlement Program

Prior to setting this matter for trial and appointing pro bono counsel to represent plaintiff for that purpose, the court finds good cause to refer this matter to Judge Vadas pursuant to the Pro Se Prisoner Settlement Program for settlement proceedings on the excessive force claim set forth above, as well as plaintiff's state law claims.  The proceedings will consist of one or more conferences as determined by Judge Vadas.  The conferences shall be conducted with defendant, or his representative, attending by videoconferencing if he so chooses.  If these settlement proceedings do not resolve this matter, the court will then set this matter for trial and consider a motion from plaintiff for appointment of counsel.

**CONCLUSION**

1.    Plaintiff's motion to compel is DENIED.  Plaintiff's motion to continue under Rule 56(d) is DENIED.  Defendant's motion for summary judgment is DENIED.  Doe defendants are DISMISSED.

2.    **Within thirty days** of the filing date of this order, plaintiff shall file and sign, under penalty of perjury, a declaration averring that, to the best of his knowledge, the facts proffered in both plaintiff's complaint and opposition are true.  Should plaintiff fail to file such a declaration, defendant may file a motion to reconsider the court's order denying defendant's motion for summary judgment.

3.    The instant case is REFERRED to Judge Vadas pursuant to the Pro Se Prisoner Settlement Program for settlement proceedings on the claims in this action, as described above.  The proceedings shall take place within **one-hundred twenty (120) days** of the filing date of

this order.  Judge Vadas shall coordinate a time and date for a settlement conference with all

interested parties or their representatives and, within **ten (10) days** after the conclusion of the

settlement proceedings, file with the court a report regarding the prisoner settlement proceedings.

If these settlement proceedings to do not resolve this matter, plaintiff can file a renewed motion

for appointment of counsel, and the court will then set this matter for trial.

       4.     The clerk of the court shall mail a copy of this order, to Judge Vadas in Eureka,

California.

       5.     The instant case is STAYED pending the settlement conference proceedings.  The

clerk shall ADMINISTRATIVELY CLOSE this case until further order of the court.

       IT IS SO ORDERED.

DATED: _____

_____
RONALD M. WHYTE
United States District Judge

Order Denying Motion to Compel; Denying Defendant's Motion for Summary Judgment; Dismissing Doe
Defendants; Referring Case to Pro Se Settlement Program
P:\PRO-SE\RMW\CR.13\Reyes980mtcmsj.wpd

# UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN DISTRICT OF CALIFORNIA


ABEL REYES,

          Plaintiff,

  v.

A MEYER et al,

          Defendant.
_____/

         Case Number: CV13-00980 RMW

         **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 3, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Abel Reyes P-55763
California Medical Facility
PO Box 2000
Vacaville, CA 95696


Dated: July 3, 2014

         Richard W. Wieking, Clerk
         By: Jackie Lynn Garcia, Deputy Clerk